USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/10/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

CLARA HOLGUIN,
a/k/a "Clara Holgnin,"
a/k/a "Clara Holquinn,"
a/k/a "Clara Holiguin,"
a/k/a "Claraelena Holguin,"
a/k/a "Jenny Diaz,"

Defendant.

CONSENT PRELIMINARY ORDER OF FORFEITURE/ MONEY JUDGMENT

16 Cr. 451 (CM)

WHEREAS, on or about June 28, 2016, CLARA HOLGUIN (the "Defendant"), among others, was charged in an one-count Indictment, 16 Cr. 451 (CM) (the "Indictment"), with conspiracy to distribute and possess with intent to distribute one kilogram and more of heroin and 500 grams and more of methamphetamine, in violation of Title 21, United States Code, Section 846 (Count One);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting and derived from any proceeds the Defendant obtained directly or indirectly as a result of the offense charged in Count One of the Indictment and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense charged in Count One of the Indictment;

WHEREAS, on or about June 3, 2016, the Government seized the following property:

a. $7,900 in United States currency seized from a briefcase located in truck located in Woodbridge Township, New Jersey ("Seized Currency-1"); and

b. $19,990 in United States currency seized from an envelope located in a 2008 Ford Edge in which Defendant was the driver ("Seized Currency-2")

(a. and b., together, the "Seized Currency");

WHEREAS, on or about December 7, 2016, a Declaration of Administrative Forfeiture was entered forfeiting the Seized Currency-1 to the Government;

WHEREAS, on or about February 15, 2017, a Declaration of Administrative Forfeiture was entered forfeiting the Seized Currency-2 to the Government;

WHEREAS, on or about March 25, 2026, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit a sum of money equal to $27,890 in United States currency which represents any and all property constituting or derived from any proceeds the Defendant obtained directly or indirectly as a result of the offense charged in Count One of the Indictment and any and all property used or intended to be used in any manner or part to commit and facilitate the commission of the offense charged in Count One of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $27,890 in United States currency representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with her co-defendants, Filo Rivas and Arnoldo Zugasti (together, the "Co-defendants") and the forfeiture money judgments entered against the Co-defendants for the offense charged in Count One of the Indictment;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the

Defendant personally obtained, with the exception of the Seized Currency, cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney ~~Jay Clayton~~ James M. McDonald (PG), United States Attorney, Assistant United States Attorney ~~Jane Kim~~ Patrick J. Gallagher (PG), of counsel, and the Defendant and ~~his~~ her (cc) counsel, Rudy Velez, Esq., that:

1. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $27,890 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with the Co-defendants, and the forfeiture money judgments entered against the Co-defendants for the offense charged in Count One of the Indictment, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, CLARA HOLGUIN, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. Upon entry of this Consent Preliminary Order of Forfeiture/Money Judgment, the Seized Property shall applied towards the full satisfaction of the Money Judgment and the Money Judgment shall be deemed satisfied.

4. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New

York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property

6. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

7. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

8. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

9. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:
James M. McDonald
~~JAY CLAYTON~~
United States Attorney for the
Southern District of New York

By: Patrick J. Gallagher 9/10/26
~~Jane Kim~~ Patrick J. Gallagher DATE
Assistant United States Attorney

CLARA HOLGUIN

By: Clara Holguin 9/10/2026
Clara Holguin DATE

By: Rudy Velez 9/10/2026
Rudy Velez, Esq. DATE
*Attorney for Defendant*
Law Office of Rudy Velez and Associates
930 Grand Concourse Suite 1A
Bronx, New York 10451

SO ORDERED:

Colleen McMahon 9/10/2026
HONORABLE COLLEEN MCMAHON DATE
UNITED STATES DISTRICT JUDGE